COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTION

Appellate case name:        Benjamin "B.J." Reynolds, Mark Mewshaw, Wes Hobbs, and Terra Energy Partners LLC v. Sanchez Oil & Gas Corporation, Sanchez Energy Corporation, and Sanchez Production Partnerships LP

Appellate case number:     01-18-00940-CV

Trial court case number:   2016-18909

Trial court:                11th District Court of Harris County

Appellants, Benjamin "B.J." Reynolds, Mark Mewshaw, and Wes Hobbs ("Individual Appellants"), and Terra Energy Partners LLC ("Terra"), filed a notice of accelerated appeal on October 19, 2018, from the trial court's October 12, 2018 order denying their amended motion to dismiss under the Texas Citizens Participation Act (the "TCPA"). Appellant Terra's notice of appeal stated that, pursuant to section 51.014(b), all proceedings in the trial court are stayed pending resolution of this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12), (b) (West 2014).

On October 24, 2018, appellees, Sanchez Oil & Gas Corporation, Sanchez Energy Corporation, and Sanchez Production Partnerships LP, filed this "Notice of Accelerated Appeal and Opposed Motion for Consideration Without Further Briefing Pursuant to TRAP 28.1(e)." Appellees contend that the trial court has set a November 26, 2018 trial date which is jeopardized by appellants' second interlocutory appeal after their mandamus petition was denied in 2017 under appellate cause number 01-17-00137-CV, styled as *In re Terra Energy Partners, LLC*. Thus, appellants request that this Court should "resolve the appeal based on the robust trial court record" without briefs or, in the alternative, they request that this "Court strictly hold the parties to an accelerated briefing schedule." TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(b) (West 2014); TEX. R. APP. P. 28.1(e) (stating that "appellate court may allow the case to be submitted without briefs.").

Both the Individual Appellants and Terra filed responses in opposition to the appellee's motion contending that Rule 28.1(e) does not support appellees' attempt to prevent appellants from filing their own briefs because this rule was intended to permit appellants the option to forgo the expense of filing their own briefs should they choose not to file briefs. In any event, Individual Appellants request denial of this motion because appellees' motion concedes that there was "voluminous briefing" in the trial court which makes it "unfair to task this Court with searching that voluminous record" to resolve this appeal without the benefit of briefs.

The automatic stay imposed by section 51.014(b) creates a bright line rule, staying "the commencement of a trial" for most interlocutory appeals under section 51.014(a), and it "also stays all other proceedings in the trial court" pending resolution of any interlocutory appeal filed under section 51.014(a)(12), as here. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12), (b). Thus, the trial court is sua sponte ordered to **stay** all trial-court proceedings pending this Court's resolution of this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12), (b); TEX. R. APP. P. 29.3 ("When an appeal from an interlocutory order is perfected, the appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal and may require appropriate security."); *see also In re I-10 Colony, Inc.*, No. 01-14-00775-CV, 2014 WL 7914874, at *2 (Tex. App.—Houston [1st Dist.] Feb. 24, 2014, orig. proceeding) (mem. op.) (granting mandamus petition to direct trial court to vacate order compelling discovery entered in violation of section 51.014(b) automatic stay).

Accordingly, because the trial is stayed pending this Court's resolution of this appeal and the records are voluminous, the Court **denies** appellees' motion for consideration without further briefing pursuant to TRAP 28.1(e), but **grants** appellees' alternative motion for an accelerated briefing schedule. Although the reporter's record was filed on October 29, 2018, the district clerk's November 2, 2018 notice stated that the clerk's record is complete, but it will not be filed until after the appellants pay the clerk's record fee. Appellants' briefs will be due within 20 days of the filing of the clerk's record. *See* TEX. R. APP. P. 38.6(a)(1).

It is so ORDERED.

Judge's signature: _____/s/ Evelyn V. Keyes_____

                 x  Acting individually     ☐  Acting for the Court

Date: __November 8, 2018_